UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D. LEDEZMA-PINON,

        Plaintiff,

vs.     Civ No.  02-0984 LCS/KBM

NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon the Defendants' Motion to Dismiss With Prejudice Pursuant to Rule 41(b) filed April 14, 2003 *(Doc. 19)*. Plaintiff filed her Response on April 28, 2003 *(Doc. 22)* and an additional "Rebuttal" (which this Court treats as a Supplement to her Response) on April 30, 2003 *(Doc. 24)*; Defendants filed their Reply on May 14, 2003 *(Doc. 25)*. The Honorable Karen B. Molzen held a telephonic status conference on April 24, 2003. The parties presented oral argument to the Court on June 24, 2003. The parties have each consented to having the United States Magistrate Judge preside over all further proceedings in this matter pursuant to 28 U.S.C. § 636(c). The Court, having considered the Motion, the Response, the Supplemental Response, the Reply, the oral argument of the parties, the relevant law, and otherwise being fully advised, finds that Defendants' Motion is not well-taken and should be denied as set forth herein.

1

## I.   BACKGROUND

Plaintiff, represented by counsel, filed a Complaint in the Ninth Judicial District Court, County of Curry, State of New Mexico on July 8, 2002, alleging violation of Title VII, 42 U.S.C. § 2000e.  Defendant timely removed this matter to the United States District Court of the District of New Mexico on August 8, 2002.   Plaintiff's counsel withdrew from representing Plaintiff on September 5, 2002.  Pursuant to the Order of September 5, 2002, the Court permitted Plaintiff 20 days to obtain substitute counsel, or else represent herself pro se.  *(See Doc. 5)*.   An Initial Scheduling Order, entered on October 10, 2002, required the parties to meet and confer no later than October 31, 2002, and to file the Provisional Discovery Plan and submit the Initial Pre-Trial Report to Judge Molzen no later than November 14, 2002.  *(See Doc. 6)*.   Despite being contacted twice by counsel for Defendants, Plaintiff failed to participate in the required "meet-and-confer" and failed to complete her portion of either the PDP or the IPTR.  Def. Ex. A.  On November 1, 2002, Plaintiff requested a two-month continuance to allow her to retain another attorney. *(Doc. 9)*.  The Court granted Plaintiff's request in part, and stayed the case for thirty days. The Court also set a telephonic status conference for December 9, 2002.  *(Doc. 8)*.  Upon Plaintiff's request, the status conference was rescheduled for December 17, 2002.  After the status conference, the Court ordered that Plaintiff complete and submit her portions of the PDP and IPTR no later than January 17, 2003.  *(Doc. 12)*.

Plaintiff failed to complete and submit her portions of the PDP and IPTR as required by the Court.  The Court therefore entered an Order on February 24, 2003 requiring Plaintiff to submit "the completed Provisional Discovery Plan and the original Initial Pretrial Report by **February 28, 2003** or face a recommendation to the presiding judge for dismissal of the lawsuit."

2

*(Doc. 15)*(emphasis in original).

Plaintiff submitted an incomplete PDP and IPTR to the Court on February 28, 2003. Although contacted by counsel for Defendants, Plaintiff failed to submit a complete PDP and IPTR which included the portions to be completed by the Defendants.  Def. Ex. I.  Defendants thereafter moved this Court to dismiss this matter with prejudice, pursuant to FED. R. CIV. P. 41(b) on April 14, 2003.

On April 24, 2003, the Court held a status conference on this matter.  Plaintiff indicated that she was still seeking counsel.  Judge Molzen asked Plaintiff to submit a letter by facsimile transmission indicating whether she planned to proceed pro se or with an attorney no later than April 28, 2003. *(Doc. 21)*.  Judge Molzen further permitted Plaintiff until May 1, 2003, the respond to Defendants's Motion to Dismiss.

On June 6, 2003, the Plaintiff represented to the Court that an attorney would enter an appearance on her behalf no later than Friday, June 13, 2003.  By Order entered on June 9, 2003, the Court held the pending Motion to Dismiss in abeyance until June 13, 2003, to allow an attorney to enter an appearance on Plaintiff's behalf. *(Doc. 28)*.  The Court further set oral argument on the pending motion. *Id*.

No attorney entered an appearance on Plaintiff's behalf until the time of the oral argument, June 25, 2003.  Mr. Hardwick argued on Plaintiff's behalf, asking that the Court permit Plaintiff to go forward with her case.  Ms. Casey, counsel for Defendants, argued that the Defendants have been prejudiced by the delay.  The Court took the matter under advisement.

## II.    ANALYSIS

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(b), a court may dismiss an action with prejudice if the plaintiff fails to "to comply with [the Federal Rules of Civil Procedure] or any order of court."  In the Tenth Circuit, "[a] court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include (1) the degree of actual prejudice to the Defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'"*Olsen v. Mapes*, 2003 U.S. App. LEXIS 12979 *12 (10th Cir. June 26, 2003) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) and *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  Although the Ehrenhaus factors were originally applied in evaluating failure to comply with discovery orders, "Rule 41(b) involuntary dismissals should be determined by reference to the Ehrenhaus criteria." *Mobley*, 40 F.3d at 341.  A court "undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." *Reed*, 312 F.3d at 1195 (quotation omitted).

In the instant matter, Plaintiff has repeatedly failed to comply with the orders of the Court. Petitioner failed to comply with the provisions of the Initial Scheduling Order, entered on October 10, 2002, which required the parties to meet and confer no later than October 31, 2002, and to file the Provisional Discovery Plan and submit the Initial Pre-Trial Report to Judge Molzen no later than November 14, 2002.  *(See* Doc. 6; Def. Ex. A).  Despite being granted additional time,

4

Plaintiff failed to complete and submit her portions of the PDP and IPTR no later than January 17, 2003 as ordered by the Court. *(Doc. 12)*. Plaintiff also failed to submit "the completed Provisional Discovery Plan and the original Initial Pretrial Report by **February 28, 2003**," although required to by the Court. *(Doc. 15)*(emphasis in original). Plaintiff has been warned that failure to comply with such order would result in a recommendation to the presiding judge for dismissal of the lawsuit. *Id.* By Order entered on June 9, 2003, the Court held the Motion to Dismiss in abeyance until June 13, 2003, to allow an attorney to enter an appearance on Plaintiff's behalf. *(Doc. 28)*. No attorney filed an appearance within the time period specified. The Plaintiff's failure time and again to comply with the Orders of the Court demonstrate her culpability. Moreover, Plaintiff was warned that she faced dismissal for failing to comply; nevertheless, she failed to comply with the Orders of the Court and the applicable FEDERAL RULES OF CIVIL PROCEDURE.

    Defendants have also demonstrated prejudice. At oral argument, Defendants indicated that one witness has left their employ. In addition, Defendants have been forced to defend against a pending lawsuit in which no forward movement has occurred. Defendants have demonstrated their attempts to contact Plaintiff in order to comply with the Orders of the Court, to no avail. Defendants have seen the action stayed and conferences rescheduled, at the Plaintiff's request. Defendants have incurred what may be substantial attorneys fees and costs over the period of a year, and discovery has not even commenced in this matter. I find that Defendants have been prejudiced by Plaintiff's failure to comply with the Orders of the Court and failure to conform with the applicable rules.

    In addition, the judicial process has been substantially hampered and delayed. The Court

has addressed this matter numerous times. Despite the various hearings, status conferences, and Orders of the Court, this matter has not moved forward expeditiously because of the conduct of the Plaintiff. The waste of judicial resources and judicial economy and the substantial delay has affected not only this matter, but will continue to affect the Court and other pending matters, as the Court strives to conform to the dictates of the Civil Justice Reform Act. Parties seeking redress in the judicial system must themselves comply with the orders of the Court. Plaintiff's failure to comply with the orders of the Court has substantially hampered the judicial process.

Finally, I note that Plaintiff has been warned that her failure to comply with the orders of the Court could result in the dismissal of her case. Despite this warning, Plaintiff failed to comply.

Nevertheless, being fully aware of Plaintiff's previous pro se status and various difficulties, and in the interests of justice, I have considered the imposition of and will adopt the following lesser sanction. First, I find that Defendants are entitled to reasonable attorneys fees incurred as a result of (1) Plaintiff's failure to comply with the Orders of the Court and (2) as a result of having to file and prosecute the pending Motion to Dismiss. While an award of attorneys fees can not fully alleviate the prejudice suffered by Defendants and caused by Plaintiff's delay and failure to obey the orders of the Court, such award should in part address the prejudice against the Defendants. Defendants shall therefore submit an Affidavit setting forth such reasonable attorneys fees as have been incurred as noted above **no later than August 1, 2003**. Plaintiff shall submit her Response to the amount of attorneys fees sought by Defendants **no later than August 15, 2003**. Upon receipt of the Affidavit articulating the attorneys fees incurred and upon receipt of Plaintiff's Response, the Court will enter an Order specifying the amount of attorneys fees awarded to Defendants, and will set a time limit for Plaintiff to satisfy such award. Failure of

Plaintiff to file a timely Response shall constitute agreement with the amount set forth in Defendants' affidavit.  In addition, failure to Plaintiff to pay the attorneys fees award set by the Court within the time specified will result in the immediate imposition of sanctions, including the dismissal of this matter **WITH PREJUDICE**.

Second, Plaintiff is gravely counseled that **ANY FURTHER FAILURE TO COMPLY WITH ANY APPLICABLE COURT ORDER OR RULE** will result in immediate dismissal of this cause **WITH PREJUDICE**.

Third, the Court has considered levying an additional sanction against Plaintiff, because of the waste of judicial resources.  The Court will not impose such a sanction at this time.  However, Plaintiff should note that the Court will consider such sanction in the future, should Plaintiff fail to comply with any order of the Court or applicable rule.

### III.   CONCLUSION

Having considered (1) the degree of actual prejudice to the Defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions, I find that a lesser sanction than dismissal would serve the interests of justice.  *See Olsen*, 2003 U.S. App. LEXIS 12979 *12 (citing *Mobley v. McCormick*, 40 F.3d at 340 and *Ehrenhaus*, 965 F.2d at 921), *Reed*, 312 F.3d at 1195. Accordingly, I find that Defendants' Motion to Dismiss With Prejudice Pursuant to Rule 41(b) filed April 14, 2003 *(Doc. 19)* is not well-taken and should DENIED.  I further find that Defendants are entitled to an award of attorneys fees as set forth herein.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss With Prejudice

7

Pursuant to Rule 41(b) filed April 14, 2003 *(Doc. 19)* is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants are awarded their reasonable attorneys fees incurred as a result of (1) Plaintiff's failure to comply with the Orders of the Court and (2) as a result of having to file and prosecute the pending Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendants shall file an Affidavit detailing the amount of such attorneys fees incurred **no later than August 1, 2003.**

**IT IS FURTHER ORDERED** that Plaintiff shall submit her Response to the amount of attorneys fees sought by Defendants **no later than August 15, 2003**.  Upon receipt of the Affidavit articulating the attorneys fees incurred and upon receipt of Plaintiff's Response, the Court will enter an Order specifying the amount of attorneys fees awarded to Defendants, and will set a time limit for Plaintiff to satisfy such award.  Failure of Plaintiff to file her Response within the time specified shall constitute her agreement with the amount of attorneys fees set forth in Defendants' affidavit.

**IT IS FURTHER ORDERED** that any further failure of Plaintiff to comply with any applicable court order or rule will result in immediate dismissal of this cause **WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**