UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEE LEDEZMA-PINON,

        Plaintiff,

vs.                             **Civ No.  02-0984 LCS/KBM**

NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY, et. al.,

        Defendants.

**MEMORANDUM, OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' Motion to Strike Jury Demand (Doc. 45) filed November 7, 2003.  The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636, having considered the submissions of counsel, applicable law, and being otherwise fully advised, finds that this Motion is not well-taken and should be **DENIED**.

On July 12, Plaintiff filed suit in state court against Defendant New Mexico Department of Public Safety ("NMDPS") and Fernando Gallegos, contending she was subject to sexual harassment and hostile work environment in violation of Title VII and of the New Mexico Human Rights Act. The original Complaint did not contain a jury demand.  Defendants removed the case to federal court on August 8, 2002 based on federal question jurisdiction.  Defendants filed their answer on October 28, 2002.  Plaintiff's attorney, Eric Dixon, withdrew as counsel in early September, 2002.  On November 26, 2002 Randall Harris, Esq., entered an appearance on behalf of Plaintiff.  Mr. Harris

1

withdrew as counsel on December 17, 2002.  On June 24, 2003, Jack Hardwick, Esq., entered an

appearance as Plaintiff's counsel.  Due to Plaintiff's failure to follow the Court's orders during the

time she appeared *pro se*,  I ordered her to pay Defendants' attorney's fees.  *See* Doc. 30.  Plaintiff

filed an unopposed motion to amend her complaint, asserting an additional § 1983 claim against

Defendant Gallegos and asserting a jury demand as well.  Defendants move to strike the jury demand

as untimely.

Rule 38(b) requires that a demand for jury trial of any issue be served within ten days after

the service of the last pleading directing such issue.  FED. R. CIV. P. 38(b).  A party's failure to serve

and file a jury demand as required by the rules constitutes that party's waiver of  trial by jury.  FED.

R. CIV. P. 38(d).  In removed cases, such as Plaintiff's, Rule 81(c) allows parties ten days from the

date of removal to file a jury demand if all necessary pleadings have been served at the time of

removal.  FED. R. CIV. P. 81(c).  Rule 81(c) also provides that a party who has made an express

demand in state court need not make a demand after removal.  *Id.*  In this case, Rule 81 is inapplicable

because the Answer had not been served at the time of removal and Plaintiff failed to demand a jury

in state court.  *Id.*  Plaintiff's original Complaint did not include a jury demand and Plaintiff did not

file a jury demand within ten days after the Answer was served.  Plaintiff did, however, demand a jury

in her Amended Complaint.  Defendant contends that the jury demand should be stricken as untimely.

In her Response, Plaintiff argues that the Amended Complaint revived her right to demand

a jury trial because she added a § 1983 claim against Defendant Gallegos.  Defendant replies that the

demand was untimely and the Amended Complaint did not revive Plaintff's right to demand a jury.

The Tenth Circuit has held that to establish a right to trial by jury, the Amended Complaint must do

more than merely raise new theories of recovery based on the same facts as those issues raised in the

Original Complaint.  *Nissan Motor Corp. v. Burciaga*, 982 F. 2d 408, 409 (10th Cir. 1992).

Amended pleadings do not revive the right to a jury on issues already framed in the original

Complaint.  *In re Kaiser Steel Corp.*, 911 F. 2d 380, 388 (10th Cir. 1990).  Comparison of the

original Complaint with the Amended Complaint establishes that the Amended Complaint contains

additional legal theories but that both are based on the same scenario.  The original Complaint

asserted sexual harassment and hostile work environment arising out of Plaintiff's employment at

NMDPS.  The Amended Complaint asserts a § 1983 claim against Defendant Gallegos arising out

of Plaintiff's employment at NMDPS.  The Amended Complaint does not offer a basis for any new

theory of recovery.  The new cause of action was based on the same conduct that was the subject of

the original Complaint.  Thus, the Amended Complaint did not revive Plaintiff's right to demand a

jury trial.  Because Plaintiff's jury demand was filed more than eleven months late, she waived her

right to trial by jury.  FED. R. CIV. P. 38(d).

       However, Plaintiff's right to jury trial does not turn solely on Rule 38.  Under Rule 39(b), the

Court has authority, upon motion, to grant a jury trial even where the demand is untimely, or where

there is no demand at all.  FED. R. CIV. P. 39(b).  Rule 39(b) provides that notwithstanding the failure

of a party to demand a jury in an action in which such a demand might have been made of right, the

Court in its discretion upon motion may order a trial by a jury on any or all issues.  *Id.*  In her

Response, Plaintiff requests that I exercise my discretion and grant her a jury trial.  The Court's

discretion under 39(b) is broad.  *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.

2d 1088, 1090 (10th Cir. 1980).  A formal motion need not be filed in order to invoke the Court's

discretion under Rule 39.  *FDIC v. Palermo*, 815 F. 2d 1329, 1333-34 (10th Cir. 1987).  Plaintiff's

raising of the issue in the Response to Defendant's Motion to Strike Jury Demand is sufficient to

invoke my discretion.

The Tenth Circuit has stated that "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Nissan*, 982 F. 2d at 409 (*citing AMF Tuboscope, Inc. v. Cunningham*, 352 F. 2d 150, 155 (10th Cir. 1965)). However, the Circuit held in *Nissan* that it was not an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure ot make a timely jury demand results from nothing more than mere inadvertance.  *Id.*

In this case Plaintiff argues that her untimely jury demand should be permitted because of her *pro se* status between December 2002 and June 2003.  Not only has Plaintiff failed to offer an excuse for late filing, but she has also failed to advance any compelling reason for which I should exercise my discretion under Rule 39(b) to grant her request for a jury.  Nonetheless, Defendants have failed to offer any persuasive reason for which I should not exercise my discretion and grant Plaintiff's untimely request for a jury.  Mindful of the Tenth Circuit's holding in *Nissan* and reluctant to abridge any right under the Seventh Amendment, I shall exercise my discretion and grant Plaintiff's untimely request for a jury trial under Rule 39(b).  Defendants' Motion to Strike Jury Demand should be denied.

**WHEREFORE, IT IS ORDERED,** that Defendants' Motion to Strike Jury Demand (Doc. 45), filed November 7, 2003, is **DENIED**.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**